

U. S. DEPARTMENT OF JUSTICE

*William J. Powell*
*United States Attorney's Office*
*Northern District of West Virginia*

United States Courthouse
1125 Chapline Street, Suite 3000
P. O. Box 591
Wheeling, WV 26003

Phone:   (304) 234-0100
FAX:     (304) 234-0111

February 13, 2019

**FILED**

**MAR 2 5 2019**

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Scott C. Brown, Esq.
1600 National Road
Wheeling, WV 26003

In re:   *United States of America v. Kirk Grubler*

Dear Mr. Brown:

This will confirm conversations with you concerning your client, Kirk Grubler, (hereinafter referred to as Defendant).

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended, which are advisory to the Court.

It is agreed between the United States and your client as follows:

1.     Defendant will waive his right to have his case presented to a Grand Jury and will plead to a One Count Information charging him with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) & (b)(2).

2.     The Defendant hereby also waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with *United States v. Booker*, 125 S.Ct. 738 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Defendant further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard. Defendant acknowledges and understands that by signing this Plea Agreement he waives any right to a jury determination of sentencing factors that he has or may have pursuant to the Sixth Amendment to the Constitution of the United States of America.

3.     The maximum penalty to which the Defendant will be exposed by virtue of his plea of guilty is not more than twenty (20) years, a fine of $250,000, and a term of not less than (5)

_____
Kirk Grubler, Defendant

_____
Scott C. Brown, Esq.

3/15/2019
Date Signed

3/15/19
Date Signed

Scott C. Brown, Esq.
February 13, 2019
Page 2

five years or lifetime supervised release. Defendant would also be required to pay a mandatory special assessment of $100.00 (18 U.S.C. 3013) which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court. It is also understood that the Defendant might be required by the Court to pay the costs of his incarceration.

4.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the relevant conduct of the defendant with regard to Count One of the Information is as follows:

The parties agree that the defendant's Base Offense Level would be determined by U.S.S.G. § 2G2.2(a)(1). The material involved depictions of a pre-pubescent minor and a minor under the age of 12. [U.S.S.G. § 2G2.2(b)(2)]. The offense involved sexual abuse or exploitation of an infant or toddler. [U.S.S.G. § 2G2.2(b)(4)(B)]. The defendant used a computer and an interactive computer service to possess, store, and transmit child pornographic material. [U.S.S.G. § 2G2.2(b)(6)]. The offense involved 600 or more images. [U.S.S.G. § 2G2.2(b)(7)(D), Application Note 4(B)(ii)]. No other applicable Specific Offense Characteristics, Cross References, or Adjustments would apply.

The parties understand that, pursuant to Section 6B1.4(d), the Court will make its own determination as to relevant conduct and is not bound by the above stipulation or required to accept same. The defendant understands and agrees that, should the Court not accept the above stipulation, he will not have the right to withdraw his plea.

5.      The Defendant will be completely forthright and truthful with Federal officials in the Northern District of West Virginia with regard to all inquiries made of him and, if necessary, will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

6.      Nothing contained in any statement or any testimony given by the Defendant, pursuant to paragraph 5, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from the Defendant in compliance with this cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining the applicable guideline range. However, this agreement does not prevent the Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting the Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 5 above.


_____                          3/15/2019
Kirk Grubler, Defendant                            Date Signed

_____                          3/15/19
Scott C. Brown, Esq.                               Date Signed

Scott C. Brown, Esq.
February 13, 2019
Page 3

7.      At final disposition, the United States will advise the Court of the Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

8.      There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or the Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes **nonbinding** recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, the defendant understands that the Court is **not** bound by these sentencing recommendations, and that the defendant has **no** right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

9.      The United States will make the following **nonbinding** recommendations:  1) if the Defendant accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should the Defendant give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, **if applicable**, an additional one-level reduction for this "timely acceptance" of responsibility.  In order to be eligible for this timely acceptance of responsibility, the Defendant must execute this Plea Agreement on or before ~~March 8, 2018~~, *March 15, 2* and return or fax an executed copy to the United States by that day and time; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lowest end of the advisory guideline range.

10.     If in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement including a complete and truthful debriefing, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

11.     Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute. The Defendant is also aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the right: a. to appeal any order, the conviction and any sentence that is within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18

Kirk Grubler, Defendant                                     3/15/2019
                                                            Date Signed

Scott C. Brown, Esq.                                        3/15/19
                                                            Date Signed

Scott C. Brown, Esq.
February 13, 2019
Page 4

U.S.C. § 3742; b. to challenge the conviction or the sentence or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255.  Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range.  Both parties have the right during any appeal to argue in support of the sentence.

12.     The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Defendant's background, criminal record, offense charged in the Information and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion.  The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of this Court, and to respond to any written or oral statements made to the Court, by Defendant or his counsel.

13.     If the defendant's plea is not accepted by the Court, or is later set aside, or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

14.     The defendant understands that forfeiture is part of the sentence imposed in this case, and agrees to the forfeiture of the below-described property, which the defendant stipulates is any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18, any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter, or is property used or intended to be used to commit or to promote the commission of the offense conviction: Custom built black and silver computer tower; Seagate External Hard Drive – S/N NA4KC989; and 5 TB Seagate External Hard Drive – S/N NA7EH4E0 all seized on April 25, 2017.

The defendant understands that the above-described property will be forfeited for destruction  and will be disposed of according to law. The defendant agrees to consent to the entry of orders of forfeiture for the property described above, and waives the requirements of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument,

_____
Kirk Grubler, Defendant

3/15/2019
Date Signed

_____
Scott C. Brown, Esq.

3/15/19
Date Signed

Scott C. Brown, Esq.
February 13, 2019
Page 5

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. By signing this agreement, the defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Further, the defendant agrees to waive all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement. The defendant agrees to execute any document or other assurance to effectuate the transfer of title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

15.    The defendant understands that mandatory restitution is required in this case, pursuant to 18 U.S.C. §3663A, and he agrees to make such restitution in accordance with that statute to the victims.

16.    Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. §3613. Furthermore, Defendant agrees to provide all requested financial information to the United States and the Probation Office and agrees to participate in a pre-sentencing debtor examination. Defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office for the Northern District of West Virginia to access Defendant's credit report from any major credit reporting agency prior to sentencing, in order to assess the financial condition for sentencing purposes. Defendant agrees, under penalty of perjury, to complete a financial statement to be returned with the plea agreement. If the Court imposes a schedule of payments, Defendant agrees that it will be deemed to be merely a minimum schedule of payments, not the only method available to the United States to enforce the judgment. If Defendant is incarcerated, Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. In addition, Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset, regardless of Defendant's payment status or history at the time of said submission.

17.    The defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence; the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The defendant further understands that he must update his registrations within three business days after any change of name, residence, employment, or

_____
Kirk Grubler, Defendant

_____
Scott C. Brown, Esq.

3/15/2019
Date Signed

3/15/19
Date Signed

Scott C. Brown, Esq.
February 13, 2019
Page 6

student status.  The defendant understands that failure to comply with these obligations subjects
him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

18.    The above seventeen (17) paragraphs constitute the entire agreement between the
Defendant and the United States of America in this matter.   There are no agreements,
understandings or promises between the parties other than those contained in this agreement.

Very truly yours,

WILLIAM J. POWELL
Unites States Attorney

By:    _____

Stephen L. Vogrin
Assistant United States Attorney

As evidenced by my signature at the bottom of the 5 pages of this letter agreement, I have read
and understand the provisions of each paragraph herein and, hereby, fully approve of each
provision.

_____
Kirk Grubler, Defendant

_____
Scott C. Brown, Esq.

3/15/2019
Date Signed

3/15/19
Date Signed